EXHIBIT "A"

State of New York - Department of State
Division of Corporations

Party Served:
2008 WESTCHESTER OWNER LLC

Plaintiff/Petitioner:
VALLANILLA-SOTO, ADA E

2008 WESTCHESTER OWNER LLC
175 BLAKE AVENUE
BROOKLYN, NY 11212

Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of
State on 06/24/2019 pursuant to SECTION 303 OF THE LIMITED LIABILITY COMPANY
LAW.  This copy is being transmitted pursuant to such statute to the address
provided for such purpose.

Very truly yours,
Division of Corporations

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------------X

ADA E. VALLANILLA-SOTO,

                         Plaintiff,

                -against-

2008 WESTCHESTER OWNER LLC, LIBERTY ONE
GROUP, LIBERTY ONE CONSTRUCTION, LLC, U&Z
CONSTRUCTION, INC., and SHAH GROUP
ENTERPRISES, INC.,

                       Defendants.
-----------------------------------------------------------------------X

Index No.: 27132/2019E

## NOTICE OF ELECTRONIC FILING
### (Consensual Case)
### (Uniform Rule § 202.5-b)

**You have received this Notice because:**

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney.  (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **<u>If</u> you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

- serving and filing your documents electronically

- free access to view and print your e-filed documents

- limiting your number of trips to the courthouse

- paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**

An attorney representing a party who is served with this notice must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated:      June 19, 2019

ANNA A. HIGGINS                    80 Maiden Lane – Suite 1006
ahiggins@litigationattys.com       New York, New York 10038

Linton Robinson & Higgins, LLP      (212) 601-2771/(646) 933-4254 (F)

<u>To</u>:

2008 WESTCHESTER OWNER, LLC
175 Blake Avenue
Brooklyn, New York 11212

LIBERTY ONE GROUP
175 BLAKE AVE
BROOKLYN, NY 11212

LIBERTY ONE CONSTRUCTION, LLC
175 BLAKE AVE
BROOKLYN, NY 11212

U&Z CONSTRUCTION INC.
565 Liberty Avenue
Brooklyn, New York 11207

SHAH GROUP ENTERPRISES INC.
128-24 140th Street
Jamaica, New York 11436

FILED: BRONX COUNTY CLERK 06/18/2019 03:13 PM

NYSCEF DOC. NO. 1

INDEX NO. 27132/2019E

RECEIVED NYSCEF: 06/19/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X
ADA E. VALLANILLA-SOTO,

           Plaintiff,

   -against-

2008 WESTCHESTER OWNER LLC, LIBERTY ONE
GROUP, LIBERTY ONE CONSTRUCTION, LLC, U&Z
CONSTRUCTION, INC., and SHAH GROUP
ENTERPRISES, INC.,

           Defendants.
-------------------------------------------------------------------X

***SUMMONS***

Index No.

***Plaintiffs Designates Bronx
County as the place of trial***

***The basis of the venue is
Defendants' principal place of
business***

### *TO THE ABOVE-NAMED DEFENDANTS:*

***YOU ARE HEREBY SUMMONED*** *to answer the Complaint in this action and to serve a copy of your answer on the Plaintiffs' attorneys within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons was not personally delivered to you within the State of New York): and in case of your failure to appear to answer, a judgment will be taken against you by default for the relief demanded in the Complaint.*

Defendants' Addresses:

| | |
|---|---|
| 2008 WESTCHESTER OWNER, LLC<br>175 BLAKE AVENUE<br>BROOKLYN, NEW YORK 11212 | LIBERTY ONE GROUP<br>175 BLAKE AVE<br>BROOKLYN, NY 11212 |
| LIBERTY ONE CONSTRUCTION, LLC<br>175 BLAKE AVE<br>BROOKLYN, NY 11212 | U&Z CONSTRUCTION INC.<br>565 LIBERTY AVENUE<br>BROOKLYN, NEW YORK 11207 |
| SHAH GROUP ENTERPRISES INC.<br>128-24 140TH STREET<br>JAMAICA, NEW YORK 11436 | Secretary of State<br>1 Commerce Plaza<br>Albany, New York 12260 |

Dated: New York, New York
    June 19, 2019

1

FILED: BRONX COUNTY CLERK 06/18/2019 03:13 PM

NYSCEF DOC. NO. 1

INDEX NO. 27132/2019E

RECEIVED NYSCEF: 06/19/2019

Yours, etc.,

LINTON ROBINSON & HIGGINS, LLP.



ANNA A. HIGGINS
For the Firm
Attorneys for Plaintiff
ADA E. VALLANILLA-SOTO
80 Maiden Lane, Suite 1006
New York, New York 10038
(212) 601-2771/(646) 933-4254 (Fax)
Our File No.: PLN-103

FILED: BRONX COUNTY CLERK 06/18/2019 03:13 PM

NYSCEF DOC. NO. 2

INDEX NO. 27132/2019E

RECEIVED NYSCEF: 06/19/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-------------------------------------------------------------------------X

ADA E. VALLANILLA-SOTO,

Plaintiff,

-against-

2008 WESTCHESTER OWNER LLC, LIBERTY ONE
GROUP, LIBERTY ONE CONSTRUCTION, LLC, U&Z
CONSTRUCTION, INC., and SHAH GROUP
ENTERPRISES, INC.,

Defendants.

-------------------------------------------------------------------------X

**VERIFIED COMPLAINT**

Index No.

Plaintiff, ADA E. VALLANILLA-SOTO, by her attorneys, LINTON ROBINSON &
HIGGINS, LLP., as and for her Verified Complaint, respectfully sets forth as follows, upon
information and belief:

### JURISDICTION AND PARTIES

1.     At all times hereinafter mentioned, Plaintiff, ADA E. VILLANILLA-SOTO, was
and is a resident of the State of Pennsylvania.

2.     At all times hereinafter mentioned, Defendants, Liberty One Group and Liberty
One Construction, LLC (hereinafter, collectively, the "Liberty" defendants), were and are
domestic limited liability companies duly organized and existing under and pursuant to the laws
of the State of New York.

3.     At all times hereinafter mentioned, Defendant, 2008 Westchester Owner LLC
(hereinafter "Westchester"), was and is a domestic limited liability company duly organized and
existing under and pursuant to the laws of the State of New York.

1

FILED: BRONX COUNTY CLERK 06/18/2019 03:13 PM
NYSCEF DOC. NO. 2

INDEX NO. 27132/2019E
RECEIVED NYSCEF: 06/19/2019

4.    At all times hereinafter mentioned, Defendant, U&Z Construction Inc. (hereinafter "U&Z"), was and is a domestic company duly organized and existing under and pursuant to the laws of the State of New York.

5.    At all times hereinafter mentioned, Defendant, Shah Group Enterprises Inc. (hereinafter "Shah"), was and is a domestic company duly organized and existing under and pursuant to the laws of the State of New York.

6.    At all times hereinafter mentioned, Defendant Westchester owned the premises located at 2000-2008 Westchester Avenue, Bronx, New York (hereinafter the "Premises").

### AS AND FOR A FIRST CAUSE OF ACTION

7.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs number "1" through "6" of this Complaint, inclusive, with the same force and effect as though the same were more fully set forth at length herein.

8.    At all times hereinafter mentioned, the Premises was and is a multiple dwelling with three or more families living independently of each other.

9.    At all times hereinafter mentioned, the sidewalk in front of and abutting the Premises is and was a public sidewalk.

10.    At all times hereinafter mentioned, Defendant, Westchester operated the Premises and abutting sidewalk.

11.    At all times hereinafter mentioned, Defendant Westchester managed the Premises and abutting sidewalk.

12.    At all times hereinafter mentioned, Defendant Westchester maintained the Premises and abutting sidewalk.

2

FILED: BRONX COUNTY CLERK 06/18/2019 03:13 PM

NYSCEF DOC. NO. 2

INDEX NO. 27132/2019E

RECEIVED NYSCEF: 06/19/2019

13. At all times hereinafter mentioned, Defendant Westchester controlled the Premises and abutting sidewalk.

14. At all times hereinafter mentioned, Defendant Westchester was performing construction, renovation, and alteration of the Premises.

15. On or before February 3, 2019, Defendant Westchester hired contractors to perform construction, renovation, and alterations of the Premises.

16. On or before February 3, 2019, Defendant Westchester hired the Liberty defendants to perform construction, renovation, and alterations of the Premises.

17. On or before February 3, 2019, Defendant Westchester hired Defendant U&Z to perform construction, renovation, and alterations of the Premises.

18. On or before February 3, 2019, Defendant Westchester hired Defendant Shah to perform construction, renovation, and alterations of the Premises.

19. On or before February 3, 2019, as part of the construction, renovation, and alterations of the Premises, Defendant Westchester installed a sidewalk shed abutting the Premises.

20. On or before February 3, 2019, as part of the construction, renovation, and alterations of the Premises, the Liberty defendants installed a sidewalk shed abutting the Premises.

21. On or before February 3, 2019, as part of the construction, renovation, and alterations of the Premises, Defendant U&Z installed a sidewalk shed abutting the Premises.

22. On or before February 3, 2019, as part of the construction, renovation, and alterations of The Premises, Defendant Shah installed a sidewalk shed abutting the Premises.

23. On or before February 3, 2019, as part of the construction, renovation, and alterations of the Premises, Defendant Westchester installed scaffolding on the sidewalk abutting the Premises.

3

FILED: BRONX COUNTY CLERK 06/18/2019 03:13 PM

NYSCEF DOC. NO. 2

INDEX NO. 27132/2019E

RECEIVED NYSCEF: 06/19/2019

24.     On or before February 3, 2019, as part of the construction, renovation, and alterations of the Premises, the Liberty defendants installed scaffolding on the sidewalk abutting the Premises.

25.     On or before February 3, 2019, as part of the construction, renovation, and alterations of the Premises, Defendant U&Z installed scaffolding on the sidewalk abutting the Premises.

26.     On or before February 3, 2019, as part of the construction, renovation, and alterations of the Premises, Defendant Shah installed scaffolding on the sidewalk abutting the Premises.

27.     At all times herein mentioned, Defendant Westchester controlled, supervised, and directed the construction, renovation, and alterations of the Premises, including the installation, maintenance, service, and repair of the sidewalk shed on the sidewalk abutting the Premises.

28.     At all times herein mentioned, the Liberty defendants controlled, supervised, and directed the construction, renovation, and alterations of the Premises, including the installation, maintenance, service, and repair of the sidewalk shed on the sidewalk abutting the Premises.

29.     At all times herein mentioned, Defendant U&Z controlled, supervised, and directed the construction, renovation, and alterations of the Premises, including the installation, maintenance, service, and repair of the sidewalk shed on the sidewalk abutting the Premises.

30.     At all times herein mentioned, Defendant Shah controlled, supervised, and directed the construction, renovation, and alterations of the Premises, including the installation, maintenance, service, and repair of the sidewalk shed on the sidewalk abutting the Premises.

4

FILED: BRONX COUNTY CLERK 06/18/2019 03:13 PM

NYSCEF DOC. NO. 2

INDEX NO. 27132/2019E

RECEIVED NYSCEF: 06/19/2019

31.     At all times herein mentioned, Defendant Westchester controlled, supervised, and directed the construction, renovation, and alterations of the Premises, including the installation, maintenance, service, and repair of the scaffold on the sidewalk abutting the Premises.

32.     At all times herein mentioned, the Liberty defendants controlled, supervised, and directed the construction, renovation, and alterations of the Premises, including the installation, maintenance, service, and repair of the scaffold on the sidewalk abutting the Premises.

33.     At all times herein mentioned, Defendant U&Z controlled, supervised, and directed the construction, renovation, and alterations of the Premises, including the installation, maintenance, service, and repair of the scaffold on the sidewalk abutting the Premises.

34.     At all times herein mentioned, Defendant Shah controlled, supervised, and directed the construction, renovation, and alterations of The Premises, including the installation, maintenance, service, and repair of the scaffold on the sidewalk abutting the Premises.

35.     On or about February 3, 2019, while Plaintiff, ADA E. VALLANILLA-SOTO, was lawfully a pedestrian on the aforementioned sidewalk, she was caused to fall and become injured as a result of a defective and dangerous condition thereat.

36.     On or about February 3, 2019, while Plaintiff, ADA E. VALLANILLA-SOTO, was lawfully a pedestrian on the aforementioned sidewalk, she was caused to fall and become injured as a result of a defective and dangerous condition of the sidewalk shed on the Defendants' sidewalk.

37.     On or about February 3, 2019, while Plaintiff, ADA E. VALLANILLA-SOTO, was lawfully a pedestrian on the aforementioned sidewalk, she was caused to fall and become injured as a result of a defective and dangerous condition of the scaffold on the Defendants' sidewalk.

5

FILED: BRONX COUNTY CLERK 06/18/2019 03:13 PM
NYSCEF DOC. NO. 2

INDEX NO. 27132/2019E
RECEIVED NYSCEF: 06/19/2019

38.   The aforementioned incident occurred as a result of the negligence, carelessness, recklessness of the Defendants, their agents, servants, and/or employees, in the ownership, maintenance, management, control, design, construction, alteration, renovation, repair, and inspection of the Premises and abutting sidewalk and the sidewalk shed and scaffold installed thereupon.

39.   As a result of the foregoing, Plaintiff was injured.

40.   As a result of the foregoing, Plaintiff sustained serious, severe, and grievous personal injuries.

41.   The aforesaid occurrence and resultant injuries were caused solely and wholly, through and by reason of the carelessness, recklessness, and negligence of the Defendants, their agents, servants, and/or employees in the ownership, operation, control, care, custody, charge, management, maintenance, and supervision of the aforesaid premises; in causing, permitting, and/or allowing the aforesaid premises to be, become, and remain in a dangerous, hazardous, and defective condition; in failing to warn Plaintiff of the dangers existing thereat; in failing to use due care, caution, precaution, and diligence in this matter; in failing to provide safe ingress and egress; in failing to place signs, barricades, and/or warnings; in failing to remove, properly remove, and/or timely remove the aforesaid hazardous condition; in failing to repair, properly repair, and/or timely repair the aforesaid hazardous condition; in failing to inspect, properly inspect, and/or adequately inspect said location; in failing to provide competent and sufficient supervisory personnel to inspect said location; in failing to train and/or properly train its/their agents, servants, and/or employees in the safe and proper execution of their jobs; in failing to remedy, timely remedy, and/or adequately remedy said dangerous conditions existing thereat; in maintaining a nuisance and/or hazard; in failing to provide Plaintiff with an opportunity to avoid this occurrence; in failing

6

FILED: BRONX COUNTY CLERK 06/18/2019 03:13 PM

INDEX NO. 27132/2019E

NYSCEF DOC. NO. 2                                        RECEIVED NYSCEF: 06/19/2019

to protect the life and health of persons lawfully thereat and, more particularly, the Plaintiff herein; in failing to use due care, caution, precaution, and diligence in this matter; in causing, permitting, and/or allowing a trap and/or hazard to be, become, and remain at the aforesaid location; in allowing all of the foregoing to exist with actual and constructive notice; and in otherwise being careless, reckless and negligent in the premises, all without any fault or lack of care on the part of the Plaintiff contributing thereto.

42.     The aforementioned incident occurred as a result of the aforementioned negligence, recklessness, and carelessness of the Defendants, their agents, servants and employees, in the installation, maintenance, service, and repair of the sidewalk shed on the sidewalk abutting The Premises.

43.     The aforementioned incident occurred as a result of the aforementioned negligence recklessness, and carelessness of the Defendants, their agents, servants and employees, in the installation, maintenance, service, and repair of the scaffold on the sidewalk abutting the Premises.

44.     The aforementioned incident occurred as a result of the aforementioned negligence, recklessness, and carelessness of the Defendants, their agents, servants and employees, in the installation, maintenance, service, and repair of the sidewalk abutting the Premises.

45.     As a result of the foregoing, Plaintiff sustained injuries to head, limbs, body, and nervous system; and has been rendered sick, sore, lame, and disabled; and, upon information and belief, some of these injuries are permanent; and has been unable to usual duties and activities for some time; and has been confined to bed and home for some time; and has been compelled to submit to hospital and medical care, attention, and treatment; and has incurred various sums of money therefor in an effort to cure and/or alleviate said injuries; and has been caused to suffer physical pain, mental anguish, and emotional distress.

7

FILED: BRONX COUNTY CLERK 06/18/2019 03:13 PM

NYSCEF DOC. NO. 2

INDEX NO. 27132/2019E

RECEIVED NYSCEF: 06/19/2019

46.    By reason of the foregoing, Plaintiff, ADA E. VILLANILLA-SOTO, has been damaged in a sum exceeding the jurisdictional limits of all lower courts in which this action may otherwise have been brought.

### AS AND FOR A SECOND CAUSE OF ACTION

47.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs number "1" through "46" of this Complaint, inclusive, with the same force and effect as though the same were more fully set forth at length herein.

48.    At all times herein mentioned, Defendant Westchester had a duty pursuant to New York City Administrative Code Section 7-210 to maintain the sidewalk abutting the Premises in a reasonably safe condition.

49.    At all times herein mentioned, Defendant Westchester made special use of the sidewalk and tree well abutting the Premises.

50.    At all times herein mentioned, the Liberty defendants made special use of the sidewalk and tree well abutting the Premises.

51.    At all times herein mentioned, Defendant U&Z made special use of the sidewalk and tree well abutting the Premises.

52.    At all times herein mentioned, Defendant Shah made special use of the sidewalk and tree well abutting the Premises.

53.    At all times herein mentioned, there was a defective and dangerous condition on the sidewalk and tree well abutting the Premises, in violation of New York City Administrative Code Section 7-210.

8

INDEX NO. 27132/2019E

RECEIVED NYSCEF: 06/19/2019

54.    At all times herein mentioned, there was a defective and dangerous condition on the sidewalk and tree well abutting the Premises resulting from the installation, maintenance, service, and repair of said sidewalk.

55.    At all times herein mentioned, there was a defective and dangerous condition on the sidewalk and tree well abutting the Premises resulting from the construction, renovation, and alterations of the Premises.

56.    At all times herein mentioned, there was a defective and dangerous condition on the sidewalk and tree well abutting the Premises resulting from the installation, maintenance, service, and repair of the sidewalk shed on the sidewalk abutting the Premises.

57.    At all times herein mentioned, there was a defective and dangerous condition on the sidewalk and tree well abutting the Premises resulting from the installation, maintenance, service, and repair of the scaffold on the sidewalk abutting the Premises.

58.    At all times herein mentioned, there was a defective and dangerous condition on the sidewalk and tree well abutting the Premises that was caused and created by the Defendants' negligence, recklessness, and carelessness.

59.    At all times herein mentioned, there was a defective and dangerous condition on the sidewalk and tree well abutting the Premises that was caused and created by the Defendants' negligence in the installation, maintenance, service, and repair of the sidewalk shed on the sidewalk abutting the Premises.

60.    At all times herein mentioned, there was a defective and dangerous condition on the sidewalk and tree well abutting the Premises that was caused and created by the Defendants' negligence, recklessness, and carelessness in the installation, maintenance, service, and repair of the scaffold on the sidewalk abutting the Premises.

9

FILED: BRONX COUNTY CLERK 06/18/2019 03:13 PM

NYSCEF DOC. NO. 2

INDEX NO. 27132/2019E

RECEIVED NYSCEF: 06/19/2019

61. As a result of the defective and dangerous condition on the sidewalk abutting the Premises, Plaintiff, ADA E. VILLANILLA-SOTO was caused to fall.

62. The aforementioned incident occurred as a result of the negligence, carelessness, recklessness of the Defendants, their agents, servants, and/or employees, in the ownership, maintenance, management, control, design, construction, alteration, renovation, repair, and inspection of the Premises and abutting sidewalk and the sidewalk shed and scaffold installed thereupon.

63. The aforementioned incident occurred as a result of a defective and dangerous condition caused by the negligence, carelessness, recklessness of the Defendants, their agents, servants, and/or employees, in the ownership, maintenance, management, control, design, construction, alteration, renovation, repair, and inspection of the Premises, the abutting sidewalk and tree well, and the sidewalk shed and scaffold installed thereupon.

64. As a result of the foregoing, Plaintiff was injured.

65. As a result of the foregoing, Plaintiff sustained serious, severe, and grievous personal injuries.

66. The aforesaid occurrence and resultant injuries were caused solely and wholly, through and by reason of the carelessness, recklessness, and negligence of the Defendants, their agents, servants, and/or employees in the ownership, operation, control, care, custody, charge, management, maintenance, and supervision of the aforesaid premises; in causing, permitting, and/or allowing the aforesaid premises to be, become, and remain in a dangerous, hazardous, and defective condition; in failing to warn Plaintiff of the dangers existing thereat; in failing to use due care, caution, precaution, and diligence in this matter; in failing to provide safe ingress and egress; in failing to place signs, barricades, and/or warnings; in failing to remove, properly remove, and/or

10

FILED: BRONX COUNTY CLERK 06/18/2019 03:13 PM
NYSCEF DOC. NO. 2

INDEX NO. 27132/2019E
RECEIVED NYSCEF: 06/19/2019

timely remove the aforesaid hazardous condition; in failing to repair, properly repair, and/or timely repair the aforesaid hazardous condition; in failing to inspect, properly inspect, and/or adequately inspect said location; in failing to provide competent and sufficient supervisory personnel to inspect said location; in failing to train and/or properly train its/their agents, servants, and/or employees in the safe and proper execution of their jobs; in failing to remedy, timely remedy, and/or adequately remedy said dangerous conditions existing thereat; in maintaining a nuisance and/or hazard; in failing to provide Plaintiff with an opportunity to avoid this occurrence; in failing to protect the life and health of persons lawfully thereat and, more particularly, the Plaintiff herein; in failing to use due care, caution, precaution, and diligence in this matter; in causing, permitting, and/or allowing a trap and/or hazard to be, become, and remain at the aforesaid location; in allowing all of the foregoing to exist with actual and constructive notice; and in otherwise being careless, reckless and negligent in the premises, all without any fault or lack of care on the part of the Plaintiff contributing thereto.

67.    The aforementioned incident occurred as a result of the aforementioned defective and dangerous condition that was created by the negligence, recklessness, and carelessness of the Defendants, their agents, servants and employees, in the installation, maintenance, service, and repair of the sidewalk shed on the sidewalk abutting The Premises.

68.    The aforementioned incident occurred as a result of the aforementioned defective and dangerous condition that was created by the negligence, recklessness, and carelessness of the Defendants, their agents, servants and employees, in the installation, maintenance, service, and repair of the scaffold on the sidewalk abutting the Premises.

69.    The aforementioned incident occurred as a result of the aforementioned defective and dangerous condition that was created by the negligence, recklessness, and carelessness of the

11

FILED: BRONX COUNTY CLERK 06/18/2019 03:13 PM

NYSCEF DOC. NO. 2

INDEX NO. 27132/2019E

RECEIVED NYSCEF: 06/19/2019

Defendants, their agents, servants and employees, in the installation, maintenance, service, and repair of the sidewalk abutting the Premises.

70.     As a result of the foregoing, Plaintiff sustained injuries to head, limbs, body, and nervous system; and has been rendered sick, sore, lame, and disabled; and, upon information and belief, some of these injuries are permanent; and has been unable to usual duties and activities for some time; and has been confined to bed and home for some time; and has been compelled to submit to hospital and medical care, attention, and treatment; and has incurred various sums of money therefor in an effort to cure and/or alleviate said injuries; and has been caused to suffer physical pain, mental anguish, and emotional distress.

71.     By reason of the foregoing, Plaintiff, ADA E. VILLANILLA-SOTO, has been damaged in a sum exceeding the jurisdictional limits of all lower courts in which this action may otherwise have been brought.

72.     The limitations on liability set forth in CPLR §1601 do not apply to this action, as this action falls within one or more of the exceptions set forth in CPLR §1602, including, but not limited to, CPLR §1602 (2) and (7).

**WHEREFORE**, Plaintiff respectfully prays for judgment against the Defendants in a sum exceeding the jurisdictional limits of all lower courts in which this action may otherwise have been brought, the exact amount to be determined at trial, together with interest, costs, disbursements, and attorneys' fees in this action, as well as such other and further relief as this Honorable Court deems just and proper.

12

FILED: BRONX COUNTY CLERK 06/18/2019 03:13 PM

NYSCEF DOC. NO. 2

INDEX NO. 27132/2019E

RECEIVED NYSCEF: 06/19/2019

Dated:   New York, New York
        June 19, 2019

*Yours, etc.,*

**LINTON ROBINSON & HIGGINS, LLP.**



ANNA A. HIGGINS
For the Firm
Attorneys for Plaintiff
ADA E. VALLANILLA-SOTO
80 Maiden Lane, Suite 1006
New York, New York 10038
(212) 601-2771/(646) 933-4254 (Fax)
Our File No. PLN-103

**To**:

2008 WESTCHESTER OWNER, LLC
175 Blake Avenue
Brooklyn, New York 11212

LIBERTY ONE GROUP
175 BLAKE AVE
BROOKLYN, NY 11212

LIBERTY ONE CONSTRUCTION, LLC
175 BLAKE AVE
BROOKLYN, NY 11212

U&Z CONSTRUCTION INC.
565 Liberty Avenue
Brooklyn, New York 11207

SHAH GROUP ENTERPRISES INC.
128-24 140th Street
Jamaica, New York 11436

13

FILED: BRONX COUNTY CLERK 06/18/2019 03:13 PM
NYSCEF DOC. NO. 2

INDEX NO. 27132/2019E
RECEIVED NYSCEF: 06/19/2019

## VERIFICATION

Anna A. Higgins an attorney duly admitted to practice law in the State of New York, hereby affirms the truth of the following under penalty of perjury and pursuant to CPLR 2106:

I am a member of LINTON ROBINSON & HIGGINS. LLP, and I have read the contents of the Complaint and they true of my own knowledge, except as to the matters therein stated to be alleged on information and belief and that as to those matters I believe them to be true.

( x )   I make this verification because Plaintiff resides outside of the county where Linton Robinson & Higgins, LLC. maintains its office.

(   )   I make this verification because Plaintiff, is a corporation and Linton Robinson & Higgins, LLC., is its attorney in this action and my knowledge is based upon all facts and corporation records available and in my possession.

Dated: New York, New York
       June 19, 2019


_____
ANNA A. HIGGINS

14

FILED: BRONX COUNTY CLERK 06/18/2019 03:13 PM

NYSCEF DOC. NO. 2

INDEX NO. 27132/2019E

RECEIVED NYSCEF: 06/19/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---------------------------------------------------------------X

ADA E. VALLANILLA-SOTO,

                          Plaintiffs,

      -against-

2008 WESTCHESTER OWNER LLC, LIBERTY ONE
GROUP, LIBERTY ONE CONSTRUCTION, LLC, U&Z
CONSTRUCTION, INC., and SHAH GROUP
ENTERPRISES, INC.,

                        Defendants.

---------------------------------------------------------------X

Index No.

## SUMMONS and VERIFED COMPLAINT

### LINTON ROBINSON & HIGGINS, LLP.

Attorneys for Plaintiff
ADA E. VALLANILLA-SOTO
80 Maiden Lane, Suite 1006
New York, New York 10038
(212) 601-2771/(646) 933-4254 (Fax)
Our File No.: PLN-103

### CERTIFICATION PURSUANT TO 22 N.Y.C.R.R. §130-1.1a

    ANNA A. HIGGINS hereby certifies to the best of the undersigned's knowledge and information and belief and after an inquiry reasonable under the circumstances, that, pursuant to 22 N.Y.C.R.R. §130-1.1a-b, (1) the contentions contained in the annexed document are not frivolous as defined in section 130-1.1(c) of this Subpart, and (2) where the paper is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned there from, and (ii) the matter was not obtained in violation of 22 NYCRR 1200.41-a [DR 7-111].

Dated:    New York, New York
           June 19, 2019

                                    ANNA A. HIGGINS

*PLEASE TAKE NOTICE*

☐    that the within is a true copy of a    entered in the office of the clerk of the within named Court on

☐    that a    of which the within is a true copy will be presented for settlement to the Hon.    one of the judges of the within named Court at    , on at 9:30 a.m.