# EXHIBIT "B"

 

# NYSCEF - Bronx County Supreme Court
# Confirmation Notice

The NYSCEF website has received an electronic filing on 08/02/2019 03:10 PM. Please keep this notice as a confirmation of this filing.

**27132/2019E**
**ADA E. VALLANILLA-SOTO v. 2008 WESTCHESTER OWNER LLC et al**
**Assigned Judge: None Recorded**

## Documents Received on   08/02/2019 03:10 PM

| Doc # | Document Type |
|---|---|
| 8 | ANSWER |
|   | Verified Answer to Verified Complaint |

## Filing User

Andrew F. Pisanelli | apisanelli@milbermakris.com | 914-231-8025
709 Westchester Avenue, Suite 300, White Plains, NY 10604

## E-mail Notifications

An email regarding this filing has been sent to the following on 08/02/2019 03:10 PM:
**ANNA A. HIGGINS -:ahiggins@litigationattys.com**

**MICHELE D. NEWSOME - mnewsome@milbermakris.com**

**ANDREW F. PISANELLI - apisanelli@milbermakris.com**

---

**Hon. Luis M. Diaz, Bronx County Clerk**
Phone: 718-590-8122 (fax)     Website: http://www.bronxcountyclerkinfo.com/law

**NYSCEF Resource Center, EFile@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile




# NYSCEF - Bronx County Supreme Court
## Confirmation Notice

**27132/2019E**
**ADA E. VALLANILLA-SOTO v. 2008 WESTCHESTER OWNER LLC et al**
**Assigned Judge: None Recorded**

## Email Notifications NOT Sent

| Role | Party | Attorney |
|---|---|---|
| Respondent | LIBERTY ONE GROUP | No consent on record. |
| Respondent | LIBERTY ONE CONSTRUCTION, LLC | No consent on record. |
| Respondent | U&Z CONSTRUCTION, INC. | No consent on record. |
| Respondent | SHAH GROUP ENTERPRISES, INC. | No consent on record. |

* Court rules require hard copy service upon non-participating parties and attorneys who have opted-out or declined consent.

**NOTE: If submitting a working copy of this filing to the court, you must include as a notification page firmly affixed thereto a copy of**

---

**Hon. Luis M. Diaz, Bronx County Clerk**
Phone: 718-590-8122 (fax)    Website: http://www.bronxcountyclerkinfo.com/law

**NYSCEF Resource Center, EFile@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X
ADA E. VALLANILLA-SOTO,

              Plaintiff,

- against -

2008 WESTCHESTER OWNER LLC, LIBERTY ONE
GROUP, LIBERTY ONE CONSTRUCTION, LLC, U&Z
CONSTRUCTION, INC. and SHAH GROUP
ENTERPRISES, INC.,

              Defendants.
-----------------------------------------------------------------X

Index No.: 27132/2019E

**VERIFIED ANSWER
TO VERIFIED
COMPLAINT**

       The defendant, 2008 Westchester Owner LLC, by its attorneys, Milber Makris Plousadis & Seiden, LLP, as and for its Verified Answer to the Verified Complaint, dated June 19, 2019, sets forth the following upon information and belief:

    1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "1" and "2" of the Verified Complaint.

    2.    Admits the allegations contained in paragraph "3" of the Verified Complaint.

    3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "4," "5" and "6" of the Verified Complaint.

### AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

    4.    Defendant repeats, reiterates and realleges each and every response contained in response to paragraphs "1" through "6" of the Verified Complaint as though more fully set forth herein in response to paragraph "7" of the Verified Complaint.

    5.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "8" and "9" of the Verified Complaint.

6. Denies each and every allegation contained in paragraphs "10," "11," "12," "13" and "14" of the Verified Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "15," "16," "17," "18," "19," "20," "21," "22," "23," "24," "25" and "26" of the Verified Complaint.

8. Denies each and every allegation contained in paragraph "27" of the Verified Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "28," "29" and "30" of the Verified Complaint.

10. Denies each and every allegation contained in paragraph "31" of the Verified Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "32," "33" and "34" of the Verified Complaint.

12. Denies each and every allegation contained in paragraphs "35," "36" and "37" of the Verified Complaint.

13. Denies each and every allegation contained in paragraph "38" of the Verified Complaint as to this defendant and, as to all other defendants, denies knowledge or information sufficient to form a belief as to the truth of the allegations.

14. Denies each and every allegation contained in paragraphs "39" and "40" of the Verified Complaint.

15. Denies each and every allegation contained in paragraphs "41," "42," "43" and "44" of the Verified Complaint as to this defendant and, as to all other defendants, denies knowledge or information sufficient to form a belief as to the truth of the allegations.

16. Denies each and every allegation contained in paragraphs "45" and "46" of the Verified Complaint.

### AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

17. Defendant repeats, reiterates and realleges each and every response contained in response to paragraphs "1" through "46" of the Verified Complaint as though more fully set forth herein in response to paragraph "47" of the Verified Complaint.

18. Denies each and every allegation contained in paragraphs "48" and "49" of the Verified Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "50," "51" and "52" of the Verified Complaint.

20. Denies each and every allegation contained in paragraphs "53," "54," "55," "56," "57," "58," "59," "60" and "61" of the Verified Complaint.

21. Denies each and every allegation contained in paragraphs "62" and "63" of the Verified Complaint as to this defendant and, as to all other defendants, denies knowledge or information sufficient to form a belief as to the truth of the allegations.

22. Denies each and every allegation contained in paragraphs "64" and "65" of the Verified Complaint.

23. Denies each and every allegation contained in paragraphs "66," "67," "68" and "69" of the Verified Complaint as to this defendant and, as to all other defendants, denies knowledge or information sufficient to form a belief as to the truth of the allegations.

24. Denies each and every allegation contained in paragraphs "70" and "71" of the Verified Complaint.

25. Denies each and every allegation contained in paragraph "72" of the Verified Complaint and refers all questions of law to the Honorable Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

26. If the plaintiff has sustained any damages as alleged, which damages are expressly denied, then all such damages will have been caused or brought about in whole or in part by the affirmative wrongdoing, fault, negligence and failure of due care (hereinafter "culpable conduct") of the plaintiff, and any recovery should be thereby diminished in the proportion to which plaintiff's culpable conduct bears to the conduct which caused the alleged damages pursuant to CPLR § 1411.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

27. If it should be found that this defendant is liable to the plaintiff in the amount of 50% or less of the total liability assigned to all persons liable, the liability of this defendant to the plaintiff for non-economic loss shall not exceed this defendant's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss in accordance with Article 16 of the CPLR.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

28. Any recovery for past or future costs or expenses incurred or to be incurred by the plaintiff for medical care, dental care, custodial care, or rehabilitative services, loss of earnings or other economic loss which has been, or will, with reasonable certainty, be replaced or indemnified in whole or in part from a collateral source will result in a reduction of plaintiff's award in accordance with CPLR § 4545.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

29. The injuries and damages allegedly sustained by the plaintiff were not caused by any negligence, carelessness, culpable conduct or breach of duty on the part of this defendant, its servants, agents or employees, but were caused by reason of the carelessness, negligence culpable conduct and/or breach of duty of third parties, their servants, agents or employees over whom this defendant had no control. If plaintiff sustained damages as alleged in the Verified Complaint, those damages are as a result, in whole or in part, of the conduct of others over whom this answering defendant exercised no influence or control.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

30. If the plaintiff sustained any personal injuries or damages as alleged in the Verified Complaint, such injuries or damages were caused, aggravated or contributed to by the plaintiff's failure to take reasonable efforts to mitigate damages, and any award made to the plaintiff must be reduced in such proportion and to the extent that the injuries complained of were caused, aggravated or contributed to by said failure to mitigate damages.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

31. Whatever injuries and/or damages were sustained by the plaintiff at the time and place alleged in the Verified Complaint, were in whole or in part the result of the plaintiff's assumption of risk in realizing and knowing the hazard and dangers thereof, and that the plaintiff assumed all the risks necessarily incidental to such undertaking.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

32. The Verified Complaint fails to state a cause of action against this answering defendant.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

33. Plaintiff's injuries, if any, were sustained as a result of intervening causes which were out of the control of this answering defendant and not the result of the conduct, acts or omissions of this answering defendant. By virtue of said intervening causes, the plaintiff's injuries were not proximately caused by this defendant and therefore, the claim against this answering defendant should be dismissed.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

34. In the event that any person or entity liable or claimed to be liable for the injury alleged in this action has been given or may hereafter be given a release or covenant not to sue, this answering defendant will be entitled to protection under New York General Obligations Law § 15-108 and the corresponding reduction of any damages which may be determined to be due against defendant.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

35. This answering defendant cannot be held liable for the injuries as alleged in the Verified Complaint, as this answering defendant had no actual and/or constructive notice of the conditions as alleged within the Verified Complaint and did not create or contribute to same.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

36. The plaintiff's Verified Complaint is barred by the doctrines of collateral estoppel and/or *res judicata*.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

37. Any claimed defective condition(s) alleged to have caused the plaintiff's claimed injuries are "trivial," *de minimus* and/or otherwise non-actionable as a matter of law.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

38. The condition of the premises where the accident occurred was an open and obvious condition.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

39. The plaintiff's Verified Complaint is barred by the statute of limitations.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

40. The Court herein lacks both personal and subject matter jurisdiction.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

41. Venue in this matter is improper.

### AS AND FOR A FIRST CROSSCLAIM AGAINST DEFENDANTS LIBERTY ONE GROUP, LIBERTY ONE CONSTRUCTION, LLC, U&Z CONSTRUCTION, INC. and SHAH GROUP ENTERPRISES, INC. FOR APPORTIONMENT, CONTRIBUTION AND COMMON LAW INDEMNIFICATION

42. Defendant repeats, reiterates and re-alleges each and every allegation contained in paragraphs numbered "1" through "41" as if more fully set forth herein.

43. If plaintiff sustained any damages in the amount as set forth in the Verified Complaint due to any reckless or negligent actions other than her own, such damages were sustained by reason of the sole, active and primary careless, reckless and affirmative acts of omission or commission by Liberty One Group, Liberty One Construction, LLC, U&Z Construction, Inc. and Shah Group Enterprises, Inc. and their agents, servants or employees without any active or affirmative negligence on the part of 2008 Westchester Owner LLC contributing thereto.

44. By reason of the foregoing, Liberty One Group, Liberty One Construction, LLC, U&Z Construction, Inc. and Shah Group Enterprises, Inc. are liable to 2008 Westchester Owner LLC under the doctrines of apportionment, contribution and/or common law indemnification for

the full amount of any verdict or judgment, or a proportionate share thereof, that plaintiff may recover against 2008 Westchester Owner LLC, including but not limited to the cost of investigation and attorneys' fees and disbursements otherwise incurred in the defense of this action and the prosecution of this crossclaim.

### AS AND FOR A SECOND CROSSCLAIM AGAINST DEFENDANTS LIBERTY ONE GROUP, LIBERTY ONE CONSTRUCTION, LLC, U&Z CONSTRUCTION, INC. and SHAH GROUP ENTERPRISES, INC. FOR CONTRACTUAL INDEMNIFICATION

45. Defendant repeats, reiterates and re-alleges each and every allegation contained in paragraphs numbered "1" through "44" as if more fully set forth herein.

46. Prior to February 3, 2019, there existed a written contract(s), lease(s), agreement(s) and/or proposal(s), to which Liberty One Group, Liberty One Construction, LLC, U&Z Construction, Inc. and/or Shah Group Enterprises, Inc. were a party, wherein Liberty One Group, Liberty One Construction, LLC, U&Z Construction, Inc. and/or Shah Group Enterprises, Inc. agreed to defend, indemnify and hold harmless 2008 Westchester Owner LLC from and against any and all claims such as those set forth in plaintiff's Verified Complaint, including all judgments, expenses, and costs of defense.

47. On and before February 3, 2019, said contract(s), lease(s), agreement(s) and/or proposal(s) were in full force and effect.

48. If plaintiff was injured in the manner complained of in the Verified Complaint, Liberty One Group, Liberty One Construction, LLC, U&Z Construction, Inc. and Shah Group Enterprises, Inc. are bound and obligated under the terms of the aforesaid contract(s), lease(s), agreement(s) and/or proposal(s) to defend, indemnify and hold harmless 2008 Westchester Owner LLC from and against any and all claims such as those set forth in the Verified Complaint.

49. That Liberty One Group, Liberty One Construction, LLC, U&Z Construction, Inc. and Shah Group Enterprises, Inc. have failed and/or refused to defend, indemnify and hold harmless 2008 Westchester Owner LLC, and as a result, 2008 Westchester Owner LLC has incurred, and will continue to incur, damages.

50. As a result of the foregoing, 2008 Westchester Owner LLC is entitled to contractual indemnification over and against Liberty One Group, Liberty One Construction, LLC, U&Z Construction, Inc. and Shah Group Enterprises, Inc. for all or any part of any verdict or judgment recovered against 2008 Westchester Owner LLC, including attorneys' fees and costs.

## AS AND FOR A THIRD CROSSCLAIM AGAINST DEFENDANTS LIBERTY ONE GROUP, LIBERTY ONE CONSTRUCTION, LLC, U&Z CONSTRUCTION, INC. and SHAH GROUP ENTERPRISES, INC. FOR BREACH OF CONTRACT

51. Defendant repeats, reiterates and re-alleges each and every allegation contained in paragraphs numbered "1" through "50" as if more fully set forth herein.

52. That Liberty One Group, Liberty One Construction, LLC, U&Z Construction, Inc. and Shah Group Enterprises, Inc., their agents, servants or employees breached the aforementioned contract(s), lease(s), agreement(s) and/or proposal(s).

53. As a result of said breach, 2008 Westchester Owner LLC has been injured herein.

54. As a result of the foregoing, Liberty One Group, Liberty One Construction, LLC, U&Z Construction, Inc. and Shah Group Enterprises, Inc. will be liable to 2008 Westchester Owner LLC in the event and in the full amount of any recovery herein against 2008 Westchester Owner LLC or for that portion thereof caused by the relative responsibility of Liberty One Group, Liberty One Construction, LLC, U&Z Construction, Inc. and Shah Group Enterprises, Inc., including attorneys' fees and costs.

## AS AND FOR A FOURTH CROSSCLAIM AGAINST DEFENDANTS LIBERTY ONE GROUP, LIBERTY ONE CONSTRUCTION, LLC, U&Z CONSTRUCTION, INC. and SHAH GROUP ENTERPRISES, INC. FOR FAILURE TO PROCURE INSURANCE

55. Defendant repeats, reiterates and re-alleges each and every allegation contained in paragraphs numbered "1" through "54" as if more fully set forth herein.

56. That Liberty One Group, Liberty One Construction, LLC, U&Z Construction, Inc. and Shah Group Enterprises, Inc. agreed to procure insurance for the protection of 2008 Westchester Owner LLC.

57. That Liberty One Group, Liberty One Construction, LLC, U&Z Construction, Inc. and Shah Group Enterprises, Inc. failed to procure insurance as they were contractually bound to do, thereby resulting in damages to 2008 Westchester Owner LLC.

58. As a result of the foregoing, Liberty One Group, Liberty One Construction, LLC, U&Z Construction, Inc. and Shah Group Enterprises, Inc. will be liable to 2008 Westchester Owner LLC for the full amount of any recovery which might be had against 2008 Westchester Owner LLC, and Liberty One Group, Liberty One Construction, LLC, U&Z Construction, Inc. and Shah Group Enterprises, Inc. are obligated to satisfy any judgment had against 2008 Westchester Owner LLC, including attorneys' fees and costs.

**WHEREFORE,** the defendant, 2008 Westchester Owner LLC, demands judgment:

a) Dismissing the Verified Complaint;

b) Awarding it judgment on the crossclaims;

c) Awarding it the costs and disbursements of this action; and

d) Awarding such other and further relief that this court may deem just and proper.

Dated: White Plains, New York
August 2, 2019

            **MILBER MAKRIS PLOUSADIS
            & SEIDEN, LLP**

By: _____
            Andrew F. Pisanelli
            Attorneys for Defendant
            *2008 Westchester Owner LLC*
            709 Westchester Avenue
            White Plains, New York 10604
            (914) 681-8700
            File No.: 712-17359

TO: **LINTON ROBINSON & HIGGINS, LLP**
   Attorneys for Plaintiff
   80 Maiden Lane, Suite 1006
   New York, New York 10038
   (212) 601-2771
   File No.: PLN-103

   **LIBERTY ONE GROUP**
   175 Blake Avenue
   Brooklyn, New York 11212

   **LIBERTY ONE CONSTRUCTION, LLC**
   175 Blake Avenue
   Brooklyn, New York 11212

   **U&Z CONSTRUCTION INC.**
   565 Liberty Avenue
   Brooklyn, New York 11207

   **SHAH GROUP ENTERPRISES INC.**
   128-24 140th Street
   Jamaica, New York 11436

## ATTORNEY VERIFICATION

ANDREW F. PISANELLI verifies that:

1. I am an attorney admitted to practice in the Courts of New York State.

2. I am the attorney for the defendant, 2008 Westchester Owner LLC, relative to the above action.

3. I have read the foregoing Verified Answer to Verified Complaint and know the content thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

4. I make this Certification instead of the defendant, because the defendant does not maintain an office and is not otherwise located within the county where my office is located. My belief as to all matters not stated upon my personal knowledge is derived from my review of reports, memoranda and investigation materials contained in my legal file and upon discussions with the defendant.

5. I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: White Plains, New York
August 2, 2019

_____
ANDREW F. PISANELLI

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK           )
                            ) ss.:
COUNTY OF WESTCHESTER       )

I, Victoria Elias, being sworn, say, I am not a party to this action, am over 18 years of age, and reside in Westchester County, New York.

On the 2nd day of August, 2019, I served a true copy of the within **VERIFIED ANSWER TO VERIFIED COMPLAINT** via regular mail, addressed to the attorney(s) for the respective parties in this action, at the address(es) designated by said attorney(s) for that purpose by depositing true copies of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

TO:

**LINTON ROBINSON & HIGGINS, LLP**
Attorneys for Plaintiff
80 Maiden Lane, Suite 1006
New York, New York 10038
(212) 601-2771

**LIBERTY ONE GROUP**
175 Blake Avenue
Brooklyn, New York 11212

**LIBERTY ONE CONSTRUCTION, LLC**
175 Blake Avenue
Brooklyn, New York 11212

**U&Z CONSTRUCTION INC.**
565 Liberty Avenue
Brooklyn, New York 11207

**SHAH GROUP ENTERPRISES INC.**
128-24 140th Street
Jamaica, New York 11436

_____
Victoria Elias

Sworn to before me this
2nd day of August 2019.

_____
KATHLEEN M. D'AMANDA
**Notary Public, State of New York**
**No. 02DA6196766**
**Qualified in Westchester County**
**Commission Expires: November 17, 2020**